## County of Fayette *v.* Helen A. Blout and Laurel Contracting, Inc., Appellants.

Argued May 4, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Ernest P. DeHaas, III,* with him *Coldren & Coldren,* for appellants.

*Philip T. Warman,* Solicitor, with him *Warman & Warman,* for appellee.

OPINION BY JUDGE WILKINSON, JR., May 31, 1978:

This appeal is from an order and final decree of the Court of Common Pleas of Fayette County dismissing exceptions to an adjudication by the chancellor enjoining appellants from using a garage in an "A-1 Agricultural-Rural" zone in Fayette County (County) for the business or commercial operations of appellant, Laurel Contracting, Inc.

In March 1974 a zoning certificate was issued by the county to construct a residential garage on property owned by Vincent R. Blout and his wife, Helen, the appellant herein. This certificate was issued pur-

suant to the county zoning ordinance which permitted residential garages in A-1 districts. After the garage was built in August 1974 it was used to store trucks and other vehicles used by Laurel Contracting, Inc., a corporation controlled by the Blout family, engaged in the business of construction, trucking and asphalt paving.

In January 1975 the county sought an injunction to prevent the storage of these vehicles in the garage, alleging the use of the property was commercial in nature and therefore not permitted in an A-1 district under the county ordinance without the grant of a special exception. The chancellor after a hearing issued a decree and adjudication on June 25, 1976 which made the following findings at issue here:

4. A garage building 50 feet by 60 feet in size, was partially erected in August, 1974. This building is not being used as a residential garage, although Blout represented it would be used for storage of automobiles, trucks and farm machinery.

5. Blout is using the building daily to park and fuel two tri-axle trucks, two dump trucks, a pickup truck and a roller and grader. These vehicles are used in the business operations of defendant, Laurel Contracting, Inc., a corporation engaged in the trucking, coal hauling, and asphalt business.

6. Said garage is being used as a commercial or truck depot. This use is not permitted by the Zoning Ordinance in an 'A-1' area, and such use by trucks is causing damage to the access road used by other residents of the area.

Appellants dispute the conclusion of the chancellor that the use of the garage by Laurel Contracting, Inc. constituted a business or commercial operation.

We must begin by noting our scope of review in an equity action is limited. As was stated by President Judge Bowman in *Ross v. Philadelphia Federation of Teachers*, 8 Pa. Commonwealth Ct. 204, 213, 301 A.2d 405, 409-10 (1973):

> Thus, insofar as concerns a chancellor's findings of facts (not his inferences and deductions from facts not in esse), the law is clear that an appellate court can review these findings only where there has been manifest or clear error, a clear abuse of discretion, etc. Given sufficient evidence which justifies the findings and logically sound, reasonable inferences and conclusions derived therefrom, the chancellor's decision will stand. Even a preponderance of testimony against the findings will be insufficient if there is testimony which, if believed, will warrant them.

Having reviewed the record, we find no manifest abuse of discretion or error in the chancellor's decision that the daily use of the garage by appellant, Laurel Contracting, Inc., and the storage of other vehicles there by the same appellant constituted a nonpermitted use and was therefore in violation of the county zoning ordinance.

Appellants argue that the conclusion of the chancellor that the garage was being used as a "commercial or truck depot" in violation of the county ordinance is erroneous since the county ordinance makes no specific reference to the storage and parking of trucks as a permitted or prohibited use and further that the mere parking of trucks at the end of a working day does not constitute a commercial operation. We find no merit to this argument, particularly since it essentially challenges findings made by the chancellor, amply supported by the evidence, that the garage was used to

further the Laurel business enterprise, rather than as an accessory to the family residence.[1] Moreover, it is clear that the activity complained of here constitutes more than the mere storage of vehicles since the record shows employees of Laurel other than family members who lived on the property reported to the garage each morning where they parked their personal vehicles and left the garage in Laurel trucks returning at the end of the work day.

Appellants also allege this equity action is an improper substitute for an appeal from the granting of a zoning certificate. We cannot agree. The right of a municipality to seek injunctive relief to prevent or remove violations is specifically established in Section 617 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10617. The decree of the chancellor was limited to prohibiting the use of the building as a commercial garage rather than the removal of the garage itself which would have the effect of revoking the zoning certificate. Further, it is irrelevant that neighbors of the appellant sought unsuccessfully to have the zoning permit revoked since the question of the construction of the garage pursuant to the ordinance is a separate and distinct issue from the propriety of the use put to the garage after it was built.

Accordingly, we will enter the following

## Order

And Now, May 31, 1978, the decree of the Court of Common Pleas of Fayette County, No. 2839 In Equity, dated February 15, 1977, is hereby affirmed.

---

[1] The record indicates the nearest residence of the Blout family is on an eight acre tract about 1,500 feet from the garage, separated by two other tracts of land. A second member of the family has applied for a zoning certificate to construct a residence on the same tract of land on which the garage is situated, about 100 feet from it.